FREDERICK A. DAUCHY *vs.* THE TOWN OF SALISBURY.

A declaration in case for an excessive attachment of property, which omits to allege a malicious intent on the part of the defendant in making the attachment, is fatally defective.

Such a defect is not cured by verdict.

Dauchy *v.* Salisbury.

Nor does it aid the declaration that a motion for a new trial, allowed in the case · by the judge, shows that the jury must have found that the defendant acted maliciously, since the motion is no part of the record, and ·· · not be cons' *hred* in determining upon the sufficiency of the declaration.

ACTION on the case for a vexatious and excessive ment of the plaintiff's property, with a count in trover. the first count, after stating the attachment and describing the property attached, alleged that there was no just cause for the institution of the suit, which was afterwards decided in the present plaintiff's favor, and that the amount of the property attached was much more in value than was necessary to secure the demand in the writ of attachment if the same had been well founded. It was not however averred that the defendants acted maliciously or with any improper motive, nor that they knew that the property attached was of greater amount than was necessary. The jury returned the following verdict. "In this case the jury find the issue for the plaintiff, and therefore find for the plaintiff to recover of the defendants ninety dollars damages on the first count, for excessive attachment of property of the plaintiff, and six cents damages on the second count, and his costs."

The defendants moved in arrest of judgment upon the first count of the declaration, on the ground of its insufficiency, and the motion was reserved for the advice of this court. A motion for a new trial was also filed by the defendants, a statement of which is unnecessary. Both motions were considered together by agreement of counsel and consent of the court.

*Hubbard* and *Peet*, in support of the motions.

*G. C. Woodruff* and *Warner*, contra.

STORRS, C. J. As the verdict in this case finds, in respect to the first count of the declaration, that the plaintiff shall recover only upon that part of it which complains of an excessive attachment of the plaintiff's property in the suit against him, it is only necessary, on this motion in arrest of judgment on that count, to determine the sufficiency of that particular

part of it, as it is obviously immaterial whether any of the other charges in it are sufficiently laid. It is apparent on the slight inspection of that part of the declaration, that it is fatally tive in omitting to allege what is indispensable in order aintain an action for an excessive attachment of property namely, that in making the attachment the defendants were actuated by what is termed a malicious motive. That the gist of such an action is the malicious or improper motive with which the property was taken, and that therefore a declaration in such a case is bad which does not allege such motive, are principles which have been too long settled and are too familiar to require the citation of authorities. In the present declaration it is only stated that the property attached was of greater value than the sum demanded in the writ on which it was taken and more than was necessary to secure that sum, but it is not even alleged that this was known to the defendants, and there is an entire absence of any averment in relation to the motive or intention with which the act complained of was done. And there being a total omission to state that without which the plaintiff has no right of action, there is no fair or reasonable intendment that it was supplied on the trial, and therefore the defect is not, as is claimed by the plaintiff, cured by the verdict. There are indeed some facts stated in the declaration, which, if there had been the proper averment as to the motive of the defendants in causing the attachment to be made, would, as testimony, have tended to prove on the trial the truth of that averment; but they do not amount to such an averment, and are, at the most, only matters of evidence, the statement of which, by a well established rule of pleading, does not aid the declaration in this respect.

The plaintiff claims that as it appears from the motion for a new trial which is pending in this case, that the jury must have found that the defendants were actuated by a malicious intention in making the attachment complained of, the defect in the declaration is in that respect cured. It is a conclusive answer to this claim that, on this motion in arrest of judgment, we can take no notice of what does not appear on the

record in this case, and the motion for a new trial, as we have frequently held, is no part of that record.

The result is that judgment should be rendered for the plaintiff for the sum assessed by the jury on the second count of the declaration, and arrested on the first count.

In this opinion the other judges concurred.

Judgment on first count to be arrested.